## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION CASTPARTS CORP., an Oregon Corporation, and PCC GERMANY HOLDINGS GMBH, a German business entity,<br><br>Petitioners,<br><br>v.<br><br>SCHULZ HOLDING GMBH & CO. KG, a German Business entity, SCHULZ EXTRUDED PRODUCTS BETEILIGUNGS GMBH & CO. KG, a German business entity, and SCHULZ EXTRUDED PRODUCTS VERWALTUNGS GMBH, a German business entity,<br><br>Respondents. | Civil Action No. _____ |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners, Precision Castparts Corp. and PCC Germany Holdings GmbH, by and through their attorneys, Cravath, Swaine & Moore LLP, petition this Court pursuant to 9 U.S.C. § 207 to confirm an arbitration award against Respondents, Schulz Holding GmbH & Co. KG, Schulz Extruded Products Beteiligungs GmbH & Co. KG, and Schulz Extruded Products Verwaltungs GmbH, and allege as follows:

## INTRODUCTION

1.     This is a petition to confirm an arbitration award (the "Award") pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "New York Convention").

2.     The Award was issued on April 9, 2020 in an arbitration (the "Arbitration") before the American Arbitration Association, International Centre for Dispute Resolution, Case

No. 01-18-0001-0115.  A true and correct copy of the Award is attached to this Petition as Exhibit 1.  The Award was transmitted to Petitioners and Respondents on April 10, 2020.  A true and correct copy of the transmittal cover letter that accompanied the Award is attached to this Petition as Exhibit 2.

3.      The dispute involves U.S. and German corporations.  The place of the Arbitration was New York City, New York, within New York County.

4.      The Award is final and enforceable under the New York Convention.

5.      Pursuant to the FAA and the New York Convention, entry of judgment of the Award is required, unless the Court "finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207.  No such grounds exist.

## PARTIES

6.      Petitioner Precision Castparts Corp. is an Oregon corporation, with its principal place of business in Portland, Oregon.  Petitioner PCC Germany Holdings GmbH is a limited liability company organized under the laws of Germany, with its principal place of business in Krefeld, Germany.

7.      Each of the Respondents, Schulz Holding GmbH & Co. KG, Schulz Extruded Products Beteiligungs GmbH & Co. KG, and Schulz Extruded Products Verwaltungs GmbH, are limited liability companies organized under the laws of Germany, with their principal places of business in Krefeld, Germany.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203

because this is a civil action seeking confirmation of an award issued in an arbitration subject to

the New York Convention.

9.      This Court has personal jurisdiction over Respondents because Respondents

agreed to submit to arbitration in New York City, New York.  "When a party agrees 'to arbitrate

in [a state], where the [Federal Arbitration Act] makes such agreements specifically enforceable,

[that party] must be deemed to have consented to the jurisdiction of the court that could compel

the arbitration proceeding in [that state].'"  *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 979 (2d

Cir. 1996) (alterations in original) (*quoting Victory Transp. Inc. v. Comisaria Gen. de

Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964)).

10.     Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 and 28 U.S.C.

§ 1391(b)(2) because the place of the Arbitration was New York City, New York, within this

district.

## FACTS

11.     Petitioners and Respondents are parties to a Securities Purchase Agreement

("SPA") dated December 28, 2016, and amended on February 14, 2017, pursuant to which

Petitioners purchased from Respondents the securities of entities located in the United States and

Germany.  A true and correct copy of the SPA, excluding schedules and exhibits, is attached to

this Petition as Exhibit 3.  Article 10.9 of the SPA provides that "[a]ny controversy or claim

arising out of or relating to [the SPA], or the breach thereof, shall be settled by arbitration

administered by the American Arbitration Association under its Commercial Arbitration Rules".

Ex. 2, p. 65.  Article 10.9 further provides that "judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."  *Id.*

12.     Petitioners instituted the Arbitration on March 5, 2018.  The parties designated New York City as the place of the Arbitration, as set forth in ¶ 17 of Procedural Order Number 1 of the Arbitration.  A true and correct copy of Procedural Order Number 1 is attached to this Petition as Exhibit 4.  The Arbitration took place at the offices of Jones Day, 250 Vesey St., New York, NY, on June 24 through July 1, 2019 and on October 16, 2019.

13.     The Award, issued in favor of Petitioners on April 9, 2020 and transmitted to Petitioners and Respondents on April 10, 2020, is in the amount of €643,000,000.00, plus simple interest at the rate of 3.75% per annum from February 16, 2017 until full payment of the Award, in addition to (a) €62,302.58 for costs, plus simple interest at the rate of 3.75% per annum from April 10, 2020 until full payment of this amount, and (b) $411,017.17 for arbitration-related fees, compensation, and expenses, plus simple interest at the rate of 3.75% per annum from April 10, 2020 until full payment of this amount, and provides that Respondents are jointly and severally liable to Petitioners for the Award and those amounts.  Ex. 1, ¶¶ 295–99.

14.     The Award concludes that Respondents fraudulently induced Petitioners to enter into the SPA for a purchase price of €800 million, stating that "Respondents, through [several employees] and numerous others throughout the organization, engaged in a pervasive effort to present a fundamentally misleading picture of the financial condition and business of [the companies acquired by Petitioners].  This is not a case where the Respondents have simply breached various contractual representations and warranties . . . but rather a case where Respondents systematically misled [Petitioners] to sign the SPA and complete the purchase . . . on the basis of materially false information."  *Id.* at ¶ 179.  The Award further provides that "this

is not a close case.  The evidence strongly points to fraud, and there is little in the record to suggest otherwise."  *Id.* at ¶ 222.

15.    The Award is final and binding on the parties, none of whom have made an application to modify or vacate it.

## CLAIM FOR RELIEF

16.    Petitioners request confirmation of the Award and entry of a judgment against Respondents in the amount of the Award, together with interest at a rate calculated in accordance with the Award.

17.    Pursuant to Section 207 of the FAA, 9 U.S.C. § 207, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention."  The confirmation process is ordinarily "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court".  *See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 73 (2d Cir. 2017) (internal quotation marks omitted) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)).

18.    Petitioners are aware of no grounds that would permit this Court to vacate or modify the Award and, to Petitioners' knowledge, Respondents do not contend such grounds exist.

19.    A proposed order granting Petitioners' request for confirmation of the Award is attached to this Petition as Exhibit 5.

**WHEREFORE**, Petitioners respectfully request that this Court:

a.    Issue an order pursuant to 9 U.S.C. § 207 confirming the Award.

b.      Enter judgment on the Award in favor of Petitioners and against Respondents,

jointly and severally, for:

i.      €643,000,000, plus simple interest at the rate of 3.75% per annum from

February 16, 2017 until full payment of the Award;

ii.     €62,302.58 for costs, plus simple interest at the rate of 3.75% per annum

from April 10, 2020 until full payment of this amount; and

iii.    $411,017.17 for arbitration-related fees, compensation, and expenses, plus

simple interest at the rate of 3.75% per annum from April 10, 2020 until

full payment of this amount.

c.      Award Petitioners such other and further relief as this Court deems just and

proper.

DATED:  April 14, 2020

CRAVATH, SWAINE & MOORE LLP,

by    /s/ Justin C. Clarke

Robert H. Baron
Justin C. Clarke
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
rbaron@cravath.com
jcclarke@cravath.com

*Attorneys for Petitioners Precision Castparts Corp. and PCC Germany Holdings GmbH*